IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Criminal Action No. 2:12-cr-18 |
| v. | ) Civil Action No. 2:16-cv-258<br>) |
| BRUCE LEON PROCTOR, | ) Judge Mark R. Hornak<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

On January 31, 2012 the United States of America indicted Bruce Leon Proctor for knowingly, intentionally, and unlawfully possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Mr. Proctor pled guilty to those charges on April 11, 2012. On August 30, 2012, Mr. Proctor was sentenced to one hundred twenty-one months in prison followed by five years of supervised release. He filed the pending Motion to Vacate under 28 U.S.C. § 2255 on March 7, 2016.

The Court's previous Opinion and Order were vacated, Dkt. No. 2:12-cr-18, ECF No. 45, because the Court erroneously failed to provide Mr. Proctor with an opportunity to file a Reply to the United States' Response to his § 2255 petition. That Reply has now been filed, ECF No. 52, and considered. In sum and substance, the Reply appears to argue that a *Brady* violation occurred because nobody disclosed a "Special Attorney Prosecution" letter which would have caused Mr. Proctor to plead guilty in state court which would in turn have prevented his federal indictment from ever happening. *Id.* at 2. Mr. Proctor also argues that his § 2255 petition is timely and that his state court counsel was ineffective (presumably in state court as to state

charges against him) for failing to uncover the "Special Attorney Prosecution" letter. *Id.* at 3–4. The Court's consideration of Mr. Proctor's Reply does not change the ultimate disposition of his petition. Because the motion is time-barred, it will be denied.

Before he was indicted by the United States, Mr. Proctor apparently faced state court charges arising out of the same operative facts. According to Mr. Proctor, just before his preliminary hearing in state court, he met very briefly with state court-appointed defense counsel[1] and they discussed a plea deal offered by the Commonwealth. ECF No. 41, at 3. Pursuant to that deal, Mr. Proctor would have served three to six years in state prison. *Id.* When he asked his counsel what he would be facing were he to be found guilty at trial, Mr. Proctor was told the maximum sentence would be three to six years. *Id.* Mr. Proctor decided not to accept the plea deal at that point, and his preliminary hearing was continued at the request of his counsel. ECF No. 42, at 1. On the day that continued hearing was to be held, the federal indictment came down. *Id.*

In his Motion and the accompanying Memorandum of Law, ECF Nos. 39, 41, Mr. Proctor argues that his state court counsel's failure to advise him of a possible federal indictment (and its correspondingly stiffer penalties) amounted to ineffective assistance. ECF No. 39, at 4. Mr. Proctor says that had he known that his rejection of the state court plea deal could lead to his federal indictment, and much more severe punishment in federal court, he would have taken it. ECF No. 41, at 7. Essentially, Mr. Proctor pleads an inverse case of buyer's remorse. The Court

---

[1] Mr. Proctor was represented by different counsel in this Court.

2

does not and cannot reach the merits of that argument however, because Mr. Proctor's Motion is time-barred by 28 U.S.C. § 2255.[2]

Mr. Proctor was sentenced in the federal case on August 30, 2012 and no notice of appeal was filed. ECF No. 42, at 2. Therefore, the judgment became final fourteen days later, on September 13, 2012. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed.").

Section 2255 imposes a one-year statute of limitations on this Motion. It begins to run when the judgment of conviction becomes final (here, September 13, 2012) unless: (1) the government caused the defendant to miss the deadline; (2) the Supreme Court thereafter recognized a new right and/or made that right retroactively applicable on collateral review; or (3) it took more than one year from when the judgment became final to discover facts supporting the claim. *See* 28 U.S.C. § 2255(f).[3]

In this case, the statute of limitations began to run on September 13, 2012. First, there is no evidence, and Mr. Proctor does not claim, that governmental misconduct caused the delay in his petition. Second, the right to effective assistance of counsel has long been recognized by the Supreme Court, so there is no newly-recognized right at issue. *See, e.g., Strickland v.*

---

[2] Under the dual sovereignty doctrine, even if Mr. Proctor accepted the state court plea deal, the federal government still could have indicted, convicted, and sentenced him for the same criminal actions. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985).

[3] The § 2255 statute of limitations is an affirmative defense that must be asserted by the United States, or else it is waived. *Robinson v. Johnson*, 313 F.3d 128, 134–37 (3d Cir. 2002). The United States has so asserted that defense here. ECF No. 42, at 3.

*Washington*, 466 U.S. 668 (1984). Finally, Mr. Proctor necessarily discovered the facts essential to his claim either on the day he was federally indicted, or on the date he was sentenced in this Court. Therefore, Mr. Proctor had until September 13, 2013 to file his Motion. Because it was not filed until March 7, 2016, it is facially untimely.[4]

Mr. Proctor cites the *United States v. Nixon* case from the Eastern District of Michigan, 315 F. Supp. 2d 876 (E.D. Mich. 2004) and 318 F. Supp. 2d 525 (E.D. Mich. 2004), to support his argument that the Court should conduct "*in camera* review of undisputed material of how State and Federal government[s] administer[] Project Safe Neighborhoods, its rationale, its workings and criteria employed for accepting and prosecuting cases under the program." ECF No. 51, at 3. In those cases, the United States was ordered to produce certain information on Project Safe Neighborhoods so the court could fully consider the defendants' ineffective assistance of counsel claims. 315 F. Supp. 2d at 879. That court later found that counsel was indeed ineffective in a scenario involving strikingly similar facts to this case. *See* 318 F. Supp. 2d at 526. The court was able to reach the merits, however, because it faced no AEDPA-imposed procedural bar to relief. The *Nixon* court dealt with the ineffective assistance claims before either defendant was convicted; in fact, the indictment was eventually dismissed. Dkt. No. 03-80793, ECF No. 42 (E.D. Mich. 2004).

---

[4] The Court reaches this conclusion without considering any effect of Mr. Proctor's waiver in his plea agreement of his right to file § 2255 motions. *See* ECF No. 39, at 10. Such a waiver in Mr. Proctor's federal court plea agreement did not stop him from filing this motion and he offers no basis to conclude that the waiver stopped him from filing it within the one-year statute of limitations.

Additionally, in his Reply, Mr. Proctor cites to *Slutzker v. Johnson*, 393 F.3d 373 (3d Cir. 2004) and argues that he has shown the "cause and prejudice" necessary to overcome procedural default. ECF No. 52, at 3. That standard, however, applies to § 2254 petitions that fail to exhaust state court remedies for judgments in state courts. Here, there is no state court conviction, only a federal one and beside that, procedural default is different than missing the statute of limitations. Therefore, the § 2255(f) limitations period poses an independent bar to Mr. Proctor's petition. The § 2255 limitations bar can be overcome only upon a showing that (1) Mr. Proctor has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Proctor has shown no such extraordinary circumstances that would compel the Court to equitably toll the § 2255(f) period.

4

Here, Mr. Proctor's motion is governed by AEDPA and its one-year filing period for § 2255 petitions. As explained above, at the very latest Mr. Proctor necessarily knew of the facts essential to his claims on the day he was sentenced in federal court. After all, the basis of his claims is the failure of his state court counsel and/or the prosecutors to advise him of the stiffer penalties he'd face in federal court if he were to reject the state court plea deal. Those stiffer penalties became obvious on the day he was sentenced in federal court. Therefore, even if the facts of this case are similar enough to *Nixon* to trigger that case's analysis, the untimeliness of the motion prevents this Court from doing so.

Finally, no certificate of appealability will issue in this case. A petitioner may only appeal "the final order in a proceeding under section 2255" if a judge "issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not debate whether this Court's procedural ruling was here correct because the petition's untimeliness is facially evident. Therefore, no certificate of appealability will issue.

For the foregoing reasons, Mr. Proctor's § 2255 Motion to Vacate is DENIED.

An appropriate Order will issue.

*[signature]*

Mark R. Hornak
United States District Judge

Dated: June 30, 2016
cc: All counsel of record

5